UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
UNITED STATES OF AMERICA,

                          12 CV 626 (SJ)

       v.

                          MEMORANDUM
                          AND ORDER

ALEXANDER FISHENKO, et al.,

          Defendants.
----------------------------------------------X

APPEARANCES

LORETTA E. LYNCH
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Daniel S. Silver
        Claire S. Kedeshian
        Hilary Jager
*Attorneys for the United States*

GRANGER & ASSOCIATES, LLC
40 Fulton Street
23rd Floor
New York, NY 10038
By:    Raymond Granger
*Attorney for Arc Electronics*

JOHNSON, Senior District Judge,

### BACKGROUND

On September 28, 2012, corporate defendant Arc Electronics, Inc. ("Defendant" or "Arc") and eleven individuals, including Alexander Fishenko, an owner and the President of Arc ("Fishenko"), were charged in a twenty-five count

1

P-049

indictment with, <u>inter alia</u>, money laundering, conspiracy to illegally export controlled microelectronics, and conspiracy to commit wire fraud. Fishenko and Arc are charged with additional violations, including acting as an unregistered agent of a foreign government.

On September 28, 2012, Magistrate Judge Vera Scanlon issued seizure warrants for three Arc bank accounts and specified Fishenko bank accounts, finding that probable cause existed that they contained proceeds traceable to Arc and Fishenko's conspiracy. The government seized the Arc accounts, plus interest accrued as of April 7, 2014, in the total amount of nearly $400,000.

Arc now moves the Court to release seized funds on deposit in three Arc bank accounts "to the extent such funds exceed those which might be forfeitable," and for an expedited hearing upon the motion. (Motion to Release Funds at 1.) Based on the submissions of the parties, the oral argument of May 30, 2014, and for the reasons stated below, Defendant's motion is DENIED.

## DISCUSSION

I. <u>Motion to Release Funds Standard</u>

"[N]either the Fifth nor the Sixth Amendment to the Constitution requires Congress to permit a defendant to use assets adjudged to be forfeitable to pay that defendant's legal fees." <u>United States v. Monsanto</u>, 491 U.S. 600, 614 (1989). A pre-trial order freezing assets in a defendant's possession is constitutionally

2

permissible whenever probable cause exists to establish that a defendant has committed an offense permitting forfeiture and that the assets in dispute are traceable or otherwise sufficiently related to the crime charged. United States v. Monsanto, 491 U.S. 600 (1989). The Supreme Court held, in Kaley v. United States, that a Defendant was not entitled to a pre-trial hearing on the issue of probable cause of their guilt, but is entitled to a hearing regarding the existence of probable cause relating to whether "the assets in dispute are traceable or otherwise sufficiently related to the crime charged in the indictment." Id. at 1095. In order to obtain such a hearing, a Defendant must establish "that he or she does not have sufficient alternative assets to fund counsel of choice." United States v. Bonventre, 720 F.3d 126, 131 (2d Cir. 2013). The Second Circuit made it clear that a defendant must establish "more than a mere recitation" that a defendant does not have sufficient alternative assets. Id. Instead, a defendant "must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice." Id.

II. Analysis

  a. Whether Arc Has Sufficient Alternative Assets

Arc the Corporation, through its President Plaintiff Fishenko, moved to release the seized funds, claiming that it does not have non-frozen funds with which to hire counsel. It also requests an expedited hearing on the Motion. (Arc's Motion to Release Funds at 1.) In support of its claim, Arc provided a conclusory affidavit

3

from Fishenko claiming that Arc has no additional assets. Additionally, at the the May 30, 2014 oral argument on the matter, Arc's attorney conceded that Fishenko was a co-owner and President of Arc, as well as an owner of three other business entities: Red Square Technology; Ekster, LLC; and Krasnet Solutions, Inc.

The Court finds that, pursuant to <u>Bonventre</u>, Defendant has not met its threshold burden of establishing that it does not have sufficient alternative assets to fund its counsel of choice. Defendant's affidavits are insufficient in that they do not allow the court "to evaluate the extent of [its] unrestrained funds." Furthermore, the affidavits are insufficient to "disclose [the Corporation's] net worth" or "provide a comprehensive list of [its] assets." <u>Bonventre</u>, 720 F. 3d at 133. Thus, Arc has failed to provide "more than a mere recitation" that it does not have the funds. <u>Id.</u>

b. <u>Whether Arc is entitled to a Portion of the Seized Funds</u>

Arc claims the indictment alleges forfeitable sales that grossed only $44,359.65 and it is therefore entitled to the remaining funds. The Government denies this claim, arguing that the scope of Arc's conspiracy was not limited to the listed sales, but was, in fact, much broader. It adds that all funds seized were considered "property involved" in the offense, and were therefore properly forfeited. On September 28, 2012, Magistrate Judge Vera Scanlon determined

> that there is probable cause to believe that the Subject [Arc bank] Accounts are property constituting or derived from proceeds traceable to the Defendants' conspiracy to commit IEEPA, substantive IEEPA violations, conspiracy to commit AECA violations, and substantive AECA violations, and/or are property involved in or constitute property traceable to the

4

P-049

defendants' conspiracy to commit money laundering crimes, and therefore are subject to seizure and forfeiture. . . .

(Aff. in Support of Bank Account Seizure Warrants, Sept. 28, 2012.) Thus, a determination exists that these are not merely commingled funds, but that the seized assets are central to the commission of the alleged crimes in this case. The Court finds that Arc's conclusory argument is without merit. Arc has not provided the Court with a compelling reason to revisit the Magistrate's finding of probable cause authorizing the seizure of the three Arc bank accounts.

III.     Remaining Claims

The Court has considered the remaining arguments and finds that they are without merit.

IV.     Conclusion

For the foregoing reasons, Arc's Motion to Release Funds or, in the alternative, an expedited hearing is DENIED.

SO ORDERED.

Dated:    September 25, 2014
            Brooklyn, New York               Sterling Johnson, Jr., U.S.D.J.

5

P-049